## The German-American Bank of Bloomington, Appellant, v. Charles F. Owens et al., Appellees.

1. PLEADING—*effect of failure to deny averments of replication.* Material averments contained in pleas not denied by replication are admitted.

2. TRIAL—*when refusal to permit witness to be called not ground for reversal.* After both parties have rested, it is a matter resting wholly in the exercise of a sound legal discretion by the court as to whether or not he will permit a witness to be called and a court of review will only disturb the exercise of such discretion when the same has been abused.

3. INSTRUCTIONS—*when not error to refuse correct.* It is not er-

ror for the court to refuse to give an instruction containing an abstract proposition of law, even though such proposition be correctly stated.

Judgment by confession. Appeal from the Circuit Court of De Witt county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

F. Y. HAMILTON, for appellant; INGHAM & INGHAM, of counsel.

C. L. & C. E. SHELDON, and LEMON & LEMON, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant took judgment by confession in the Circuit Court of DeWitt county against appellees in the sum of $626.11 damages, and costs, alleged to be due by the terms of a promissory note, and warrant of attorney, made by appellees to one William R. White, and by White indorsed to appellant. Upon motion, execution was stayed and appellees were allowed to plead to the merits. There was a trial had before a jury which resulted in a verdict in favor of appellees, upon which the court rendered judgment. This appeal followed.

Besides the general issue appellees filed six special pleas, which set up in substance the following defenses: The first special plea averred that the alleged consideration for which the note sued on was given was a gambling device or confidence game intended to defraud the signers of the note and that the plaintiff took the note from White with full knowledge or notice of the facts; the second special plea averred that such note was given for a gambling device and was without consideration and that plaintiff took it without consideration and without notice; the third special plea was very similar to the first and second and concluded with the averment that plaintiff took the note after

maturity and without consideration; the fourth special plea was a plea of set-off in the sum of $1,500 against said William R.. White concluding in the same manner as did such third special plea; the fifth special plea averred that said White agreed with appellees to accept from them the notes of two other persons in lieu of the note sued on and that such other notes had been procured, signed by such other persons in the sum of $1,500, which had been accepted by said White under such agreement and that by means thereof the note sued on should have been surrendered to appellees, and that plaintiff took said note sued on after its maturity and without consideration; the sixth special plea averred that the note sued on was given upon a gambling device and was without consideration, and that plaintiff took it with notice of the facts and was not a *bona fide* holder for value.

Issue was joined upon the plea of *non assumpsit* by adding a *similiter,* while as to the six special pleas appellant filed one replication only. That replication merely alleged that the note sued on was made to said William R. White for the sum of money therein mentioned and not for any unlawful or illegal device and that said note, before maturity, was assigned by White to plaintiff for value and that plaintiff, at the time of the assignment, had no knowledge of the facts set up in said pleas.

It is not necessary to discuss the character of the issue closed by such replication as to the first, second, third and sixth special pleas for the reason that the case was properly disposed of in the Circuit Court under the issues as closed, upon the fourth and fifth special pleas. By averments in said fourth and fifth special pleas the issues were squarely presented that appellees had an offset against William R. White in the sum of $1,500 and also that in pursuance of the terms of an agreement with White he had agreed to accept, and had accepted, the notes of two other persons in lieu of the note sued on and by force thereof

the note sued on became and was the property of appellees and that appellant had taken the note sued on after it became due and with full notice of the facts set up by the said pleas and without paying any consideration therefor.

Appellant by no replication sought to deny or put in issue the set-off averred in the said fourth special plea, nor the agreement, and performance thereof, in discharge of the note sued on, set up in the fifth special plea, but contented itself by putting in issue only the averments in said pleas that it, appellant, had taken assignment of said note sued on, with notice of the facts or after its maturity.

To succeed upon the issues so closed upon said fourth and fifth special pleas it only became necessary for appellees to show that the note sued on had been sold to appellant after it became due. This issue was purely one of fact for the jury and we are not disposed to hold that the verdict was unwarranted by the evidence.

J. H. Brown testified that in August, 1905, fifteen months after the note sued on became due and while he was in the employment of White, collecting for him, he received the note in question, for the purpose of seeing appellees in reference to its payment, from one F. Y. Hamilton, who was then White's attorney, and that he gave a receipt therefor prepared by Hamilton, in the following words and figures: "Bloomington, Ill. 8-24-1905. Received of F. Y. Hamilton the following notes belonging to William R. White (omitting other notes described) Charles F. Owens and G. M. Cassens, November 19, 1903, six months, Five Hundred Dollars.    J. H. BROWN."

This testimony was the only evidence offered upon that subject and was sufficient to warrant the jury in finding that the note sued on was in White's possession and control as his own property fifteen months after its maturity and was not the property of appellant, bought by it before maturity.

After both sides had rested and the evidence had all been closed, appellant applied to the court for leave to put F. Y. Hamilton upon the stand as a witness in its behalf. This request was denied and the action of the court in that respect assigned as error.

Whether or not a witness may be called to the stand after the parties have both rested their case is a matter resting wholly in the exercise of a sound legal discretion by the court, and a court of review will only disturb such action when that discretion has been abused. There is nothing in this record to show that such discretion was improperly used, much less abused.

The record discloses that F. Y. Hamilton was present during the trial and took part therein as an attorney and no reason was assigned or stated to the trial court why his testimony was not tendered by appellant before the evidence was closed upon its side.

Appellant has criticised the action of the trial court respecting its refusal to give some instructions offered by appellant and while some of the instructions so offered may have stated abstract propositions of law correctly, yet it is not error to refuse instructions which are mere statements of law in the abstract. The issue presented to the jury under the pleadings was an extremely narrow one, *i. e.,* when, if at all, appellant took the note, and upon that feature of the case the court gave instructions which stated the law fairly and with substantial accuracy.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*